## In re GREGG & SON, Inc.

Court of Appeals of District of Columbia.

Submitted January 10, 1928. Decided March 5, 1928.

No. 1999.

1. **Trade-marks and trade-names and unfair competition ☞43—To be entitled to registration, mark must be used on article of commerce, and used in commerce.**

To entitle applicant to registration of trademark, it must appear that mark has been used on article of commerce, and that it has been used in commerce.

2. **Trade-marks and trade-names and unfair competition ☞43—Trade-mark must possess identifying characteristics of article to which it is affixed, and indicate origin or ownership.**

To entitle applicant to registration of trademark, such mark must possess distinctive identifying characteristic of article to which it is affixed, and must be used to indicate origin or ownership of article.

3. **Trade-marks and trade-names and unfair competition ☞26—Trader, to acquire trademark, must adopt mark open to appropriation, apply it physically to vendible commodity, and put marked commodity on market.**

Trader, to acquire title to technical trademark, must adopt mark open to appropriation, apply it physically to vendible commodity, and actually put commodity so marked on market.

4. **Trade-marks and trade-names and unfair competition ☞43—Service corporation, repairing, cleaning, renovating, and dyeing fabrics and furs, held not entitled to registration of mark attached to goods when returned to owners.**

Service corporation, carrying on business of repairing, cleaning, renovating, and dyeing fabrics and furs, *held* not entitled to registration of mark used on labels attached to goods when they are returned to owners, since mark is not attached to vendible articles, and applicant is not producer or owner of goods, nor agents authorized to sell or dispose of them.

Appeal from the Commissioner of Patents.

In the matter of the application of Gregg & Son, Inc., for the registration of a trademark. From the decision of the Commissioner, denying the application, applicant appeals. Affirmed.

A. M. Hood and W. P. Hahn, both of Indianapolis, Ind., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, denying the application of appellant for the registration of a trademark on the ground of lack of trade-mark use.

It appears that appellant company is a service corporation carrying on the business of repairing, cleaning, renovating, and dyeing fabrics and furs. The mark sought to be registered is used by appellant company on labels attached to goods that have been cleaned or renovated, when the same are returned to the owners. Registration was re-

fused, on the ground that the mark does not indicate either the origin or the ownership of the goods on which it is used. Clearly the goods do not originate with appellant company, neither is it the owner of the goods, since all that is done by appellant is the repairing, cleaning, renovating, or dyeing of the fabrics or furs, the origin and ownership of which are in the persons for whom appellant's services are engaged.

[1, 2] To entitle an applicant to the registration of a trade-mark, it must appear that the mark has been used on an article of commerce, and that it has been used in commerce. The mark must likewise possess a distinctive identifying characteristic of the article to which it is affixed, and must be used to indicate the origin or ownership of the article to which it is attached. Nims, in his work on Unfair Competition and Trade-Marks (2d Ed.) § 212, in defining who may acquire a trade-mark, says: "Not only a manufacturer of goods, but a merchant, distributor, jobber, bottler, or other person, who selects goods and markets them, or places them before the public, may adopt for use his own trade-mark. Hughes v. Alfred H. Smith Co. (D. C.) 205 F. 302."

[3] In section 214 of the same work the author defines the manner in which a trade-mark may be acquired, as follows: "The trader must do three things in order to acquire a good title to a technical trade-mark: First, he must adopt a trade-mark open to appropriation; second, he must apply it or attach it physically to a vendible commodity; and, third, he must actually put the commodity so marked on the market. Schneider v. Williams, 44 N. J. Eq. 391, 14 A. 812.

[4] It will be observed that the appellant falls far short of meeting the requirements that would entitle it to the registration of its mark. The mark is not attached to vendible articles, nor does appellant occupy such a relation to the goods to which the mark is attached as to entitle it to sell or dispose of the same. It is neither the owner of the goods nor an agent authorized to sell or dispose of them.

Appellant company does not rise to the dignity of a dealer or retailer, who may have his mark placed upon the goods he handles by the manufacturer, for in such cases the dealer or retailer is the owner of the goods, and as such comes clearly within the registration requirements. Neither is appellant a producer of the goods, since he possesses neither origination nor ownership.

The decision of the Commissioner is affirmed.